IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERTON VIRGIL SMITH, JR., | : | CIVIL ACTION NO. **1:CV-11-1943** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL W. HARLOW, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On October 13, 2011[1], Petitioner, Merton Virgil Smith, Jr., an inmate at the State Correctional Institution at Albion, ("SCI-Albion"), Albion, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner attached exhibits to his habeas petition, which consisted of state court filings regarding his collateral appeals. Petitioner challenges his August 27, 2008 conviction and sentence (6 years to 12 years in prison), for one count of involuntary deviate sexual intercourse with a child, in the Wayne County Court of Common Pleas. Petitioner raises the following three grounds in which he asserts essentially the same claims: "Evidence witnesses testimony on stand which was prejudicial to the petitioner; ineffective[ness] of

---

[1] The Habeas Corpus Petition was signed by the Petitioner on October 13, 2011. (Doc. 1). Thus, under the prison mailbox rule, we construe Petitioner's instant Habeas Petition as being filed on October 13, 2011. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10). In *Burns v. Morton*, 134 F. 3d 109, 113 (3d Cir. 1998), the Third Circuit held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." This mailbox rule applies to all petitions filed by *pro se* inmates in federal court. *See Brewington v. Klopotoski*, 2010 WL 2710526, *3, n. 3 (E.D. Pa. 2-23-10).

counsel by not communicating with the petitioner; Megan's Law; due process; 5th, 6th, 8th, 14th Amendments rights; sentencing procedures." (Doc. 1, p. 6).[2]

As relief in his habeas petition, Petitioner requests the Court to order his release from confinement, to correct his sentence, and to remand his case to state court to correct the issues raised in his habeas petition. (Doc. 1, p. 15).

As exhibits attached to the habeas petition, Petitioner submitted copies of his state court appeals and the state court decisions, opinions, and orders regarding his collateral appeals. It appeared from Petitioner's exhibits that he may not have exhausted his instant habeas claims in state court and that his one-year statute of limitations under the AEDPA to file a §2254 habeas petition may have expired.[3] Thus, on November 10, 2011, we issued an Order and stated that the Court

---

[2]Petitioner also attached a 7-page handwritten Memorandum of Law to his habeas petition, and we directed the Clerk of Court to docket it as a separate entry. (Doc. 5).

[3]The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is September 26, 2008, the day Petitioner 's judgment of conviction became final, *i.e.* 30 days after Petitioner's sentence was imposed, since he did not file a direct appeal. *Swartz v. Meyers*, 204 F. 3d 417, 419 (3d Cir. 2000)("a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review."); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Any time devoted to pursuing a **properly filed** application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra.*(emphasis added). It appears as though Petitioner Smith's second PCRA Petition was not properly filed under state law and thus, it may not toll his AEDPA statute of limitations.

would first determine if the Petitioner's habeas petition was timely filed under the AEDPA[4] and if his instant claims were exhausted in the state courts.[5] (Doc. 6).

As noted, the Third Circuit has allowed the District Court to raise the statute of limitations and exhaustion issues *sua sponte* in a § 2254 habeas proceeding; however, the Petitioner must be afforded notice and an opportunity to argue why he exhausted his state court remedies and why his petition was timely under the AEDPA. *See Holden v. Mechling*, 2005 WL 1219860 (3d Cir.). Thus, we directed the Wayne County District Attorney to respond to Petitioner's Habeas Petition regarding the AEDPA statute of limitations and exhaustion issues.

Specifically, we issued an Order directed Respondent Wayne County District Attorney ("DA") to file any state court records regarding Petitioner's criminal case which Petitioner did not yet file, and to respond to the exhaustion and timeliness issues within fifteen (15) days of the date of the Order. Petitioner was afforded an opportunity to then file a reply. (Doc. 6). Also, we noted in our Order that Respondent District Attorney need not address the merits of Petitioner's habeas

---

[4] The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard. *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005); *Day v. McDonough*, 126 S.Ct. 1675, 1683 (2006). We thus gave Petitioner Smith notice and an opportunity to be heard regarding whether his habeas petition was timely under the AEDPA.

[5] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well-settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003). We gave Petitioner Smith notice and an opportunity to be heard regarding whether his habeas claims were exhausted in state court.

claims in his response, since the Court would first determine if the petition was timely and if exhaustion of state court remedies as to all habeas claims was accomplished. We further noted that if the Court found the habeas petition was timely and Petitioner's claims were exhausted, both Respondent District Attorney and Petitioner would be given time to file a Response and Traverse, respectively, with respect to the merits of Petitioner's claims.[6]

In compliance with our Order, Respondent DA filed his Response to Petitioner's habeas petition with exhibits, Exs. 1-13, on November 17, 2011. (Doc. 7). Petitioner did not file a Reply regarding Respondent DA's Response, and the time in which he was required to do so has expired, *i.e.*, December 1, 2011. We *sua sponte* afforded Petitioner an additional eighteen (18) days. Thus, we first consider whether Petitioner's habeas petition was timely filed under the one-year AEDPA statute of limitations. As discussed below, we agree with Respondent DA that Petitioner's habeas petition was not timely filed under 28 U.S.C. §2244(d)(1) and that it should be dismissed.[7]

---

[6] On December 9, 2011, we issued an Order pursuant to *U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 199) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000), directing Petitioner to complete and file the attached Notice of Election. (Doc. 8). Petitioner has not yet filed his completed Notice of Election.

[7] The undersigned has been assigned this case for issuance of an R&R.

**II. State Procedural Background.**[8]

In its November 24, 2010 Opinion and Notice of Intent to Dismiss Petitioner's second PCRA Petition, the Court of Common Pleas of Wayne County stated the state procedural background of this case as follows:

> The Defendant [Petitioner Smith] pled guilty to one (1) count of involuntary deviate sexual intercourse with a child, and pursuant to a plea agreement with the Commonwealth the remaining fourteen (14) counts, including four (4) other counts of involuntary deviate sexual intercourse, five (5) counts of aggravated indecent assault and five (5) counts of indecent assault, were *nolle prossed* by the Commonwealth. On August 27, 2008, this Court found that the Defendant was a sexually violent predator within the meaning of Megan's Law and further sentenced the Defendant to six (6) years nor more than twelve (12) years in a state correctional institute. No direct appeal was filed. Thereafter [on March 9, 2009], the Defendant file a *pro se* petition for post conviction collateral relief. This Court appointed counsel who subsequently filed a Motion to Withdraw.
>
> On December 24, 2009 this court entered an Opinion, Order, Notice of Intention to Dismiss failing to find any merit in Defendant's P.C.R.A. Both the Court and counsel determined that the two (2) issues in Defendant's his (sic) P.C.R.A., ineffective assistance of counsel and improper length of sentence were meritless. That Opinion and Order was made final on January 27, 2010 [Doc. 7, Ex. 12] and no direct appeal was filed. Then on September 29, 2010 Defendant filed a second P.C.R.A. Petition which, upon examination by this Court, addresses issues of ineffective assistance of counsel and the length of sentence. The Commonwealth filed an Answer on November 23, 2010.

(Doc. 1, Ex. 2, pp. 1-2).

---

[8]We note that Petitioner's rendition of his state procedural background of his case and the dates as stated by Respondents are basically the same. (Docs. 1 and 7). The state court dates of the parties are also substantiated by their exhibits attached to their filings. (*Id*.).

The Court of Common Pleas of Wayne County found, in part, that the Petitioner's second PCRA Petition was not timely filed since it was not filed within one year year of the date that his sentence became final.  The County Court also found that none of the exceptions to the one year time period to file a collateral appeal under Pennsylvania law applied to Petitioner. (*Id*., pp. 2-3).  The County Court also found that Petitioner had previously raised the same issues in his first PCRA Petition that was denied on January 27, 2010.  The the County Court held that Petitioner's PCRA claims were fully litigated and, as such, collateral relief was not available.  The County Court also indicated that Petitioner did not file an appeal regarding its January 27, 2010 Opinion and Order. (Id., p. 3 & Doc. 7, Ex. 12).[9]  The County Court then advised Petitioner that he had the right to respond to the Court's proposed dismissal of his second PCRA Petitioner within twenty days. (*Id*., pp. 3-4).

Petitioner filed his Response on February 22, 2011. (Doc. 7-1, p. 39).  On March 16, 2011, the County Court issued its final Order dismissing Petitioner's second PCRA Petition. (*Id*.). Petitioner then filed an appeal regarding the County Court's March 16, 2011 Order to the Pennsylvania Superior Court.  On September 22, 2011, the Pennsylvania Superior Court issued an Order dismissing Petitioner's appeal for failure to file a brief. (Doc. 7-1, p. 54).  As stated, Petitioner

---

[9]Respondent DA's exhibits attached to his Response are docketed as Doc. 7-1. Respondent has identified his exhibits with exhibit numbers, 1-13. The page numbers for the exhibits of Respondent to which we refer herein are the Doc. 7-1 page numbers. As two of his exhibits, Respondent submitted the County court Criminal Docket Sheets of Petitioner's case. We take judicial notice of these Docket Sheets. *See Jenkins v. Superintendent of Laurel Highlands*, 2010 WL 4623859, * 1, n. 1 (M.D. Pa. 11-3-10).

then filed his instant habeas petition on October 13, 2011.[10]  (Doc. 1).

**III. Discussion.**

Since Petitioner Smith's habeas petition was filed in October 2011, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *i.e.* April 24, 1996, as Respondent recognizes, the AEDPA is applicable to his case. *See Werts v. Vaughn*, 228 F. 3d 178, 195 (3d Cir. 2000); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *3 (E.D. Pa. 1-28-10); *Albritton v. Sauers*, 2011 WL 4402138 (M.D. Pa. 9-2-11) adopted by 2011 WL 4434261 (M.D. Pa. 9-22-11).

The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[10]As noted above, we utilize the date Petitioner signed his habeas petition under the mailbox rule.

28 U.S.C. §2244(d). *See also  Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *4.

The Court in *Rhodes v. Winstead*, 2010 WL 936763, at *16 (W.D.Pa. 2010), stated:

> Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgement became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable period in the instant matter is the date that Petitioner's judgment of sentence became final.  *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir.1999); *Derk v. PA State Attorney General*, 2010 WL 2925017, *3("the time for filing a federal habeas petition begins to run when the judgment of sentence becomes final.").  As discussed, the applicable period in the instant matter is September 26, 2008, the day Petitioner Smith's judgment of conviction became final, *i.e.* 30 days after Petitioner's sentence was imposed, since he did not file a direct appeal.  Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period.  *Id. See also* 28 U.S.C. § 2244(d)(2).

Thus, we agree with Respondent (Doc. 7, p. 2) that Petitioner's AEDPA statute of limitations began to run on September 26, 2008, the day Petitioner's judgment of conviction

became final, *i.e.* 30 days after Petitioner's August 27, 2008 sentence was imposed, since he did not file a direct appeal. *Swartz v. Meyers*, 204 F. 3d 417, 419 (3d Cir. 2000).

On March 9, 2009, Petitioner timely filed a Petition for Post Conviction Collateral Relief ("PCRA"), which the Wayne County Court of Common Pleas denied on January 27, 2010. (Doc. 7, Ex. 12, *i.e.* Doc. 7-1, pp. 80-81). As stated above, Petitioner did not file an appeal with respect to the County Court's January 27, 2010 Order. (Doc. 1, Ex. 2, p. 2). The time period when Petitioner 's first properly filed PCRA Petition was pending with the County Court is tolled from Petitioner's AEDPA 1-year statute of limitations. *See Jenkins, supra.*, at # 2. Thus, Petitioner's AEDPA 1-year statute of limitations ran from September 27, 2008 through March 8, 2009, one day before Petitioner timely filed his first PCRA Petition, since Petitioner did not have any properly filed state court appeal pending during this time. This time period from September 27, 2008 through March 8, 2009 constitutes 162 days (5 months and 11 days) which ran on Petitioner's AEDPA 1-year statute of limitations.[11]

Petitioner's AEDPA 1-year statute of limitations was tolled from March 9, 2009 through February 26, 2010, *i.e.* 30 days after the County Court's January 27, 2010 final Order denying Petitioner's first PCRA Petition, since Petitioner did not file an appeal of the January 27, 2010 Order. Petitioner's AEDPA 1-year statute of limitations then began to run again on February 27, 2010, and it ran uninterrupted until Petitioner filed his present habeas petition on October 13, 2011. (Doc. 1).

---

[11]Thus, Petitioner had 203 days remaining on his one-year AEDPA statute of limitations.

As mentioned, Petitioner untimely filed his second PCRA Petition on September 29, 2010. (Doc. 1, Ex. 2, p. 2). The County Court dismissed Petitioner's second PCRA Petition on March 16, 2011. As Respondent recognizes, only properly filed state court appeals toll Petitioner's AEDPA 1-year statute of limitations. *See* 28 U.S.C. §2244(d)(2); *Jenkins, supra.* at * 2. Petitioner's second PCRA Petition was not a properly filed state court appeal. (*See* Doc. 1, Ex. 2). There is 1-year deadline for filing an application for relief under the Pennsylvania Post Conviction Relief Act. *See* 42 Pa.C.S. § 9545(b). "In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final." *Derk v. PA State Attorney General*, 2010 WL 2925017, *3 (M.D. Pa. 7-20-10). Therefore, Petitioner's untimely second PCRA Petition did not toll his AEDPA 1-year statute of limitations. *See Jenkins, supra*.

Thus, we agree with Respondent (Doc. 7, p. 2) that Petitioner's AEDPA 1-year statute of limitations expired on or about August 18, 2010. Petitioner filed his instant habeas petition about one year after his AEDPA 1-year statute of limitations expired. Respondent states that the Commonwealth of Pennsylvania does not waive the provisions of 28 USC §2244(d)(1). (Doc. 7, p. 3). As such, we concur with Respondent that Petitioner's habeas petition should be dismissed as untimely unless principles of equitable tolling apply in this case.

With respect to the section in his habeas petition as to whether the petition was timely filed, Petitioner stated as follows:

> The Petitioner was transferred out of state to Muskegon Correctional Facility at 2400 South Sherman Road, Muskegon, MI 49442-6298. This facility did not have the adequate or proper law library facility for inmates from Pennsylvania which may have hurt the Petitioner in

his legal process.

(Doc. 1, p. 14).[12]

In his Response regarding equitable tolling, Respondent argues:

> The Petitioner was transferred from S.C.I. Albion to a Michigan correctional institution on February 17, 2010, and he was returned to S.C.I. Albion on May 4, 2011.  (See Exhibit No. 13 attached hereto).  The Petitioner does cite this fact in his Petition as a reason for failing to file an appeal and/or failing to exhaust his State Remedies.  To the extent that he may be relying on his incarceration in Michigan to somehow constitute some sort of "Equitable Tolling" of the Statute of Limitations he certainly has not stated nor pled any facts which would support such a position.  It should be noted that he filed his 2nd PCRA Petition while incarcerated in Michigan on September 29, 2010, which was after the Statute of Limitations to file a Habeas Petition had already expired.

(Doc. 7, p. 3).

The record shows that Plaintiff was in fact transferred from SCI-Albion to the Muskegon Correctional Facility in Michigan on February 17, 2010, and that on May 4, 2011, he was transferred back to SCI-Albion. (Doc. 7, Ex. 13).

We now discuss whether equitable tolling applies in this case.  We agree with Respondent that simply because Petitioner was transferred from SCI-Albion to a prison in Michigan

---

[12]In his support Memorandum of Law filed with his habeas petition, Doc. 5, Petitioner does not address equitable tolling of his AEDPA 1-year statute of limitations period. Rather, in his Memorandum, Petitioner only addresses the merits of his habeas claims. Also, we gave Petitioner an opportunity to file a reply to Respondent's Response and to address the statute of limitations and equitable tolling, and he failed to file one.

and then back to SCI-Albion does not demonstrate extraordinary circumstances subjecting Petitioner's untimely habeas petition to equitable tolling.

In *Starkey v. Cameron*, 2010 WL 5575288, *3 (E.D. Pa. 12-23-10) adopted by 2011 WL 1583872 (E.D. Pa. 4-25-11), the Court stated:

> The Supreme Court has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. *See Holland v. Florida,* --- U.S. ----, ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Miller,* 145 F.3d at 618. In particular, a petitioner " 'is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphases added); *see also Lawrence v. Florida,* 127 S.Ct. 327, 1085 (2007) (quoting *Pace,* 125 S.Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way") (emphasis added); *Merritt,* 326 F.3d at 168 (citing *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944, 122 S.Ct. The law is clear that courts must be sparing in their use of equitable tolling." *See Jones,* 195 F.3d at 159 (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999)) (emphasis added).

*See also Albritton v. Sauers*, 2011 WL 4402138, *8.

We agree with Respondent that Petitioner has not given any reasons for the delay when Petitioner's AEDPA 1-year statute of limitations ran from September 27, 2008 through March 8, 2009, one day before Petitioner timely filed his first PCRA Petition. Petitioner's AEDPA 1-year statute of limitations was tolled from March 9, 2009 through February 26, 2010. Petitioner's AEDPA 1-year statute of limitations then began to run again on February 27, 2010, and it ran uninterrupted until Petitioner filed his present habeas petition on October 13, 2011. Even though Petitioner was confined in Michigan from February 17, 2010 through May 4, 2011, as Respondent points out,

12

Petitioner was able to file his second PCRA Petition on September 29, 2010, with the Wayne County Court. (Doc. 7, p. 3 and Doc. 7-1, p. 36). Also, as Respondent points out, Petitioner filed his second PCRA Petition after his AEDPA 1-year statute of limitations already expired. (*Id*.). The Wayne County Criminal Docket Sheet also indicates that Petitioner was able to file a brief and other documents regarding his second PCRA Petition with the County Court on December 9, 2010 and on January 10, 2010, and that on January 18, 2011, he filed a Notice of Appeal. (Doc. 7-1, p. 38). Petitioner was also able to file his Concise Statement of Matters Complained of in his appeal with the Pennsylvania Superior Court on February 22, 2011. (*Id*., p. 39).

Petitioner had no properly filed state court appeal pending during this time, *i.e.* when Petitioner was confined in Michigan from February 17, 2010 through May 4, 2011. As noted above, we do not find that Petitioner's second PCRA Petition was properly filed on September 29, 2010, since it was not timely under the Pennsylvania Rules, and we do not find that Petitioner's second PCRA petition tolled his AEDPA SOL. *See Jenkins, supra*. Also, Petitioner inexplicably filed nothing in federal court after his AEDPA 1-year statute of limitations began to run again on February 27, 2010, until he filed his present habeas petition on October 13, 2011. Petitioner has not shown any reason for this inordinate delay, coupled with the 162 days which ran between the time Petitioner's judgment of sentence became final and the time he filed his first PCRA Petition.

Petitioner knew of his instant habeas claims pertaining to alleged ineffective assistance of trial counsel at the time he filed his first PCRA Petition, and he could have still timely filed his habeas petition when the County Court issued its final order denying it on January 27, 2010. However, Petitioner waited until October 13, 2011, to try and timely file his habeas petition, and

13

he offers no valid explanation for this long delay. In short, Petitioner has failed to show that he exercised reasonable diligence during the time period from the January 27, 2010 decision from the Wayne County Court to about August 18, 2010 when his AEDPA 1-year statute of limitations expired. *See Alicia v. Kerestes*, 389 Fed. Appx. 118, 122 (3d Cir. 2010)("The obligation to act diligently pertains to both the federal habeas claim and the period in which the Petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence.")(citation omitted)(Non-Precedential); *Morris v. Mazurkiewicz*, 2011 WL 2708498, *3 (E.D. Pa. 6-8-11) adopted by 2011 WL 2709181 (E.D. Pa. 7-11-11).

Petitioner does not contend that he did not have access to his legal material during this time from February 17, 2010 until May 4, 2011, when his was in Michigan. Petitioner was able to file state court documents during this time. Rather, Petitioner only states that he did not have an adequate or proper law library in Michigan. As stated, we find that Petitioner already knew of his present habeas claims before he was transferred to Michigan and that he has not provided any reason for the delay in filing his habeas petition from January 27, 2010 until October 13, 2011, when he filed the instant §2254 habeas petition with this federal court. (Doc. 1). In fact, as stated, Respondent's own exhibits show that Petitioner was able to file documents during his confinement in Michigan with the County Court. As stated, we do not find that Petitioner exercised reasonable diligence during the period from from January 27, 2010 until October 13, 2011.

In *Pabon v. Mahanoy*, 2011 WL 2685586, *12, (3d Cri. 7-12-11), the Third Circuit Court recently stated:

> In determining whether equitable tolling should be granted, we address
> two questions: (1) whether the petitioner faced extraordinary circumstances

> that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Merritt v. Blaine,* 326 F.3d 157, 168 (3d Cir.2003) (same). In *Holland v. Florida* the Supreme Court confirmed that equitable tolling may be applied to AEDPA's statutory limitations period. —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)FN20
> There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. *Id.* at 2563. As *Holland* explains, while prior decisions provide guidance, rigid reliance on precedent should be avoided. *Id.* In each case, there is a need for "flexibility," "avoiding 'mechanical rules,' " and "awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* (internal citation omitted). FN21
> In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted).

In *Pabon*, the Court found that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Id.* at *13. The *Pabon* Court noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary is unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Id.* Based on *Pabon*, we find that Petitioner Smith has not shown extraordinary circumstances during the period of from February 17, 2010 until May 4, 2011, when he was in Michigan. As stated, we do not find that Petitioner exercised reasonable diligence during the period from from January 27, 2010 until October 13, 2011.

The Court in *Pabon v. Mahanoy*, 2011 WL 2685586, *12, also stated:

> Even if a petitioner has faced extraordinary circumstances, he must also "exercise[ ] reasonable diligence in ... bringing [the] claims." *Miller,* 145 F.3d at 618–619 (internal quotation marks omitted). The Supreme Court addressed reasonable diligence in *Holland,* explaining that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' ... not 'maximum feasible diligence.' " 130 S.Ct. at 2565 (internal citations omitted). Our Court has established a similar standard. "Due diligence does not require 'the maximum feasible diligence;' " "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir.2004) (internal citations omitted); *see also LaCava,* 398 F.3d at 277.

We agree with Respondent and find no extraordinary circumstances in this case which prevented Petitioner from filing a timely habeas petition. Thus, we find that Petitioner has not shown extraordinary circumstances which prevented him from timely filing his habeas petition. We also find, based on *Pabon*, that Petitioner did not exercise due diligence during the time he was confined in Michigan to try and timely file his habeas petition on or before August 18, 2010,

Thus, Petitioner has not offered sufficient reason and he has not made a sufficient showing to justify equitable tolling. We find that Petitioner was not in some way extraordinarily prevented from asserting his claims and that he used reasonable diligence in bringing his habeas claims.

Based on the above reasons, we find that the Petitioner has not shown extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair." *Miller,* 145 F. 3d at 618. We find that equitable tolling of the AEDPA statute of limitations is not warranted in this case.

Thus, we do not find that extraordinary circumstances prevented Petitioner Smith from timely filing his habeas petition. We find that Petitioner's present habeas petition should be dismissed as untimely, as Respondent correctly contends, pursuant to 28 U.S.C. §2244(d)(1).

Accordingly, we will recommend that Petitioner Smith's Habeas Petition (Doc. 1) be dismissed.

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Smith's Habeas Petition **(Doc. 1)** be dismissed pursuant to 28 U.S.C. §2241(d)(1) as untimely. It is also recommended that the Court deny a certificate of appealability.

                                                       **s/ Thomas M. Blewitt**
                                                       **THOMAS M. BLEWITT**
                                                       **United States Magistrate Judge**

**Dated: December 20, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERTON VIRGIL SMITH, JR., | : | CIVIL ACTION NO. **1:CV-11-1943** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MICHAEL W. HARLOW, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 20, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                          **s/ Thomas M. Blewitt**
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: December 20, 2011**